IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| TRANSAMERICA LIFE INSURANCE COMPANY | § § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. 6:17-cv-312 |
| PATRICIA ORTIZ-DEBAUN, KAYLA CHANDLER AND KELSEY CHANDLER, INDIVIDUALLY AND AS INDEPENDENT CO-EXECUTORS OF THE ESTATE OF CLYDE W. CHANDLER | § § § § § § § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT FOR INTERPLEADER

Pursuant to 28 U.S.C. §§ 1332 and 1335 and Federal Rule of Civil Procedure 22, Transamerica Life Insurance Company ("Transamerica") files this Original Complaint for Interpleader, seeking protection from competing claims regarding the proceeds of a life insurance policy insuring the life of Clyde W. Chandler, deceased.

## PARTIES

1.      Transamerica is an Iowa Corporation with its principal place of business in Cedar Rapids, Iowa.

2.      Patricia Ortiz-DeBaun ("DeBaun") is an individual domiciled in Temple, Texas and may be served with process of this lawsuit at her home located at 7306 Valley Mist Drive, Temple, Texas 76502 or any other place where she may be found.

3.      Kayla Chandler is an individual domiciled in Temple, Texas and may be served with process of this lawsuit at her home located at 6005 Fair Hill Drive, Temple, Texas 76502 or any other place where she may be found.

4.     Kelsey Chandler is an individual domiciled in Temple, Texas and may be served with process of this lawsuit at her home located at 7306 Valley Mist Drive, Temple, Texas 76502 or any other place where she may be found.

5.     The Estate of Clyde W. Chandler (the "Estate") is being administered by co-executors Kayla Chandler and Kelsey Chandler and, therefore, may be served by serving process of this lawsuit on Kayla Chandler or Kelsey Chandler at their home addresses listed above.

## JURISDICTION AND VENUE

6.     This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1335 because it involves a dispute between two or more adverse claimants of diverse citizenship, who are claiming entitlement to life insurance proceeds in excess of $500.

7.     This Court also has jurisdiction over this case pursuant to 28 U.S.C. § 1332(a) because it involves a civil controversy between citizens of different states and the amount in controversy is in excess of $75,000.

8.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(a), because a substantial part of the events giving rise to this claim occurred in Bell County, Texas.  Venue is also proper in this district pursuant to 28 U.S.C. § 1397 because one or more of the claimants/Defendants reside in this District.  Specifically, DeBaun, Kayla Chandler and Kelsey Chandler reside in Bell County, Texas.

## RELEVANT FACTS

9.     On July 8, 1991, Clyde W. Chandler applied for a life insurance policy with Transamerica in the amount of $500,000.  In his application, Mr. Chandler identified "Patty O. Chandler" (now known as DeBaun) as his wife and the beneficiary of the policy proceeds.  Mr. Chandler's application was approved and, on August 12, 1991, Transamerica issued Policy

2

Number 40831694 (the "Original Policy").  As requested by Mr. Chandler, the Policy provided a $500,000 death benefit payable to DeBaun.  Mr. Chandler and DeBaun were divorced by Final Decree of Divorce signed November 2, 1993 by the 82nd Judicial District Court of Falls County, Texas.

10.    On August 19, 2004, Mr. Chandler applied to have the Original Policy converted to a Universal Life policy also with a death benefit of $500,000.  In his conversion application, Mr. Chandler was informed that, unless designated otherwise, his new policy would have the same beneficiary as his Original Policy and that he should list a new beneficiary if he so desired.  Mr. Chandler left that part of the application blank, thereby leaving in place his ex-wife, DeBaun, as the beneficiary of the new policy.  Mr. Chandler's conversion application was approved and Transamerica issued Policy Number 60121435 on August 19, 2005 (the "Converted Policy") in place of the Original Policy.  As requested by Mr. Chandler, the Converted Policy provided a $500,000 death benefit payable to DeBaun.

11.    On April 27, 2017, Mr. Chandler died.  Kayla Chandler and Kelsey Chandler were appointed as Independent Co-Executors of the Estate.

12.    The Converted Policy provides that in the event of the insured's death the Death Benefit is payable to the named beneficiary.  Accordingly, DeBaun, as the named beneficiary, was provided a claim form to complete to obtain payment of the Death Benefit.  On July 6, 2017, DeBaun filled out that form and provided it to Transamerica to make a claim for the Death Benefit under the Converted Policy.  On July 7, 2017, Danny R. Boon of The Boon Law Firm, PLLC sent Transamerica a letter stating that he represented Kayla Chandler and Kelsey Chandler and advising Transamerica that DeBaun was divorced from Mr. Chandler and that their divorce

decree awarded all insurance policies to Mr. Chandler such that the beneficiary designation of DeBaun prior to the divorce was ineffective.

13.     In response to Mr. Boon's letter, DeBaun was made aware of the challenge to her beneficiary designation and asked her to respond indicating a basis why the Death Benefit should be paid to her.  On August 17, 2017, attorney Mike Russell of Harrell, Stoebner & Russell, PC sent Transamerica a letter stating he represented DeBaun and advising that the divorce decree between Mr. Chandler and DeBaun did not effectively transfer the Converted Policy to Mr. Chandler such that DeBaun remained the sole beneficiary entitled to the Death Benefit.  Mr. Russell also provided a claim form completed by Kayla Chandler on August 14, 2017 making a claim for the Death Benefit under the Converted Policy on behalf of the Estate.

14.     Given these competing claims, Mr. Russell and Mr. Boon were informed that the Death Benefit could not be paid unless there was an agreement among the parties as to who was the proper beneficiary. On September 21, 2017, Transamerica then received correspondence from attorney Jeffrey A. Armstrong of Naman Howell Smith & Lee, PLLC advising that he represented Kayla Chandler and Kelsey Chandler as Independent Co-Executors of the Estate of Clyde W. Chandler.  Transamerica has not been provided any documentation demonstrating the parties actually were able to work out an agreement among the Defendants as to the proper recipient of the Converted Policy's Death Benefit.

15.      Transamerica now finds itself in the position of being placed on notice of competing and inconsistent claims for the Death Benefit owed under the Converted Policy

### INTERPLEADER RELIEF

16.     Transamerica has been placed on notice of competing claims for the Death Benefit owed under the Converted Policy.  Transamerica is an innocent stakeholder with a real and reasonable

fear of the possibility of multiple liability with respect to the Converted Policy proceeds. Based on the conflicting information provided, Transamerica cannot determine which person is the proper person to receive the Converted Policy benefits but it has been, at all times, willing to deliver the Converted Policy proceeds to the person or persons entitled to possession of those proceeds.

17.     Transamerica has in no way colluded with any Defendant concerning the matters at issue in this case. Transamerica has not been and will not be indemnified in any manner by any Defendant. Transamerica files this interpleader of its own free will to avoid multiple liability and unnecessary suits and costs incidental to such suits. Transamerica is unconditionally ready to deposit with the Court the Converted Policy proceeds consisting of the Death Benefit in the amount of $500,000 along with a refund of any unused premium and hereby offers to deposit these amounts into the registry of the Court, there to abide by the judgment of the Court.

18.     Transamerica requests that it be discharged and released of any and all responsibility and liability to Defendants and any other person or entity claiming a right or interest in the benefits under the Converted Policy or otherwise with respect to the Converted Policy and/or the Converted Policy proceeds.

## ATTORNEYS' FEES AND EXPENSES

19.     Because of the conflicting claims of the Defendants, Transamerica has had to incur reasonable and necessary attorneys' fees and expenses in bringing this action. Transamerica alleges that it is entitled to recover reasonable attorneys' fees, costs, and expenses incurred as a result of the necessity of these proceedings. *See, e.g., Perkins State Bank v. Connolly,* 632 F.2d 1306, 1311 (5th Cir.1980).

## CONCLUSION

Transamerica requests that Defendants be cited to appear and answer herein, presenting their respective claims to the Converted Policy proceeds, and that Transamerica receive judgment that:

a.     Transamerica is released and discharged from any and all liability to Defendants and any other person or entity claiming ownership or an interest in the Converted Policy benefits or otherwise with respect to the Converted Policy and/or the Converted Policy proceeds;

b.     Transamerica have and recover its reasonable attorneys' fees, together with all costs of court and expenses incurred in this suit, with all such fees, costs, and expenses to be paid out of the interplead funds prior to any award to the prevailing Defendant; and

c.     Any other relief to which Transamerica is justly entitled.


**WINSTEAD PC**


By:   */s/ Jason R. Bernhardt*
     Jason R. Bernhardt
     State Bar No. 24045488
     jbernhardt@winstead.com
     600 Travis, Suite 1100
     Houston, Texas 77002
     Telephone:  (713) 650-8400
     Facsimile:  (713) 650-2400
     **ATTORNEY FOR PLAINTIFF**